[No. 14856.   Department Two.   May 12, 1919.]

ELIZABETH A. KELLY, *Respondent*, v.
J. M. SCHNATTERLY, *Appellant*.[1]

APPEAL (270)—RECORD—STATEMENT OF FACTS—TO SHOW EXCLUSION OF EVIDENCE. Error in the exclusion of evidence can only be shown by bill of exceptions or statement of facts.

SAME (267)—RECORD—STATEMENT OF FACTS—EVIDENCE IN ACTIONS AT LAW. In the absence of a bill of exceptions or statement of facts, the entering or refusing of findings of fact and conclusions of law can be reviewed only for errors appearing on their face.

Appeal from a judgment of the superior court for Spokane county, Jurey, J., entered January 9, 1918, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Plummer & Lavin*, for appellant.

*E. H. Belden*, for respondent.

[1]Reported in 180 Pac. 887.

FULLERTON, J.—The respondent brought this action against the appellant to recover upon a promissory note. The complaint was in the usual form and set forth by copy a note for $500, executed at Portland, Oregon, on April 26, 1913, payable three years after date with interest at eight per centum per annum. For answer, the appellant admitted the execution of the note and set forth affirmatively that, at the time of the execution of the note, a mortgage upon real property situated in Multnomah county, Oregon, was given to secure the same, and that the respondent, through her agent who negotiated the transaction on her behalf, agreed with the appellant that the mortgage would be accepted as sole security for the payment of the note and that no action would be instituted upon the note except through a foreclosure proceeding, and that no action in foreclosure was ever instituted, and that no waiver of the mortgage security was ever made in any other way than through the commencement of the present action. The affirmative matter was put in issue by a reply, and the cause tried by the court sitting without a jury. The trial resulted in a judgment in favor of the respondent, from which this appeal is prosecuted.

The cause is before us upon a transcript of the record of the trial court, over the certificate of the clerk, no bill of exceptions or statement of facts, certified by the trial judge, having been brought to this court. The appellant complains in his brief that the court erred in refusing to permit him to prove the affirmative matter set forth in his answer; in entering the findings of fact and conclusions of law proposed by the respondent; in refusing to enter the findings of fact and conclusions of law proposed by the appellant, and in entering judgment for the respondent.

It is at once manifest that the first of the assigned errors is not open for review. Error is never presumed but must be shown affirmatively, and error in the exclusion of evidence can only be shown, under the appellate practice in this state, by a bill of exceptions or a statement of facts. The other assigned errors are, in this instance, equally inconclusive. They can be reviewed, in the absence of a bill of exceptions or statement of facts, only for errors appearing upon their face, and we find them regular in form and sufficient in substance.

The appeal is without merit, and the judgment will stand affirmed.

MAIN, PARKER, HOLCOMB, and MOUNT, JJ., concur.